**17SL-CC04444**

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| PATRICIA ALEMAN, | ) | **CAUSE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **DIVISION:** |
| | ) | |
| v. | ) | |
| | ) | |
| THI of MISSOURI at GRAVOIS, L.L.C., | ) | **JURY TRIAL DEMANDED** |
| d/b/a SUNSET HILLS HEALTH & | ) | |
| REHABILITATION CENTER, | ) | |
| | ) | **WRONGFUL DEATH** |
| HUNT VALLEY HOLDINGS, L.L.C., | ) | |
| | ) | **NURSING HOME ABUSE AND** |
| FUNDAMENTAL ADMINISTRATIVE | ) | **NEGLECT** |
| SERVICES, L.L.C., | ) | |
| | ) | **NEGLIGENCE PER SE** |
| and | ) | |
| | ) | **PUNITIVE DAMAGES** |
| FUNDAMENTAL CLINICAL AND | ) | |
| OPERATIONAL SERVICES, L.L.C., | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION

COMES NOW Patricia Aleman, by and through her attorneys, FELLOWS & BLAKE, L.L.C., and for her causes of action against Defendants, states:

## THE PARTIES

1.      On January 20, 2017, Louis Aleman suffered and died as a direct result of the poor care and negligence he suffered while in the care of Defendants and their agents, employees, and representatives.

2.      Plaintiff Patricia Aleman is the surviving mother of decedent Louis Aleman, and she is a citizen and resident of the State of Illinois.

3.      Defendant THI of Missouri at Gravois, L.L.C., d/b/a Sunset Hills Health &

Exhibit A

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

Rehabilitation Center (hereinafter "Sunset Hills") is a for-profit Missouri corporation doing business at 10954 Kennerly Road, in St. Louis County, Missouri.  Sunset Hills does business as a proprietary nursing home operating under Missouri's Omnibus Nursing Home Act as a skilled nursing facility.  At all relevant times, Sunset Hills was in business for the care and treatment of persons in need of rehabilitative care and skilled nursing, and acted by and through their employees, agents, or representatives.

4.     Defendant Hunt Valley Holdings, L.L.C., (hereinafter "Hunt Valley") is a Maryland corporation or other entity doing business as the controlling company for Defendant Sunset Hills.  At all relevant times, Hunt Valley owned, operated, controlled, or managed Sunset Hills and employed or otherwise directed and supervised the employees, agents, or other representatives of Defendant Sunset Hills upon information and belief.  More specifically, Hunt Valley provided patient care program development services, training, facility operations management services, business development and marketing services, budgets, and regulatory compliance services, among other things.  At all relevant times, this corporate entity was in business for the care and treatment of persons in need of nursing home care and skilled nursing, and acted by and through their employees, agents, or representatives.

5.     Fundamental Administrative Services, L.L.C., (hereinafter "FAS") is a Delaware entity doing business as the management company for Defendant Sunset Hills.  At all relevant times, Defendant FAS owned, operated, controlled, or managed Sunset Hills and employed or otherwise directed, controlled, and supervised the employees, agents, or other representatives of Sunset Hills.  More specifically, Defendant FAS provided patient care program development services, training, facility operations management services, business development and marketing services, budgets, and/or regulatory compliance services, among other things.  At all relevant

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

times, this corporate entity was in business for the care and treatment of persons in need of nursing home care and skilled nursing, and acted by and through their employees, agents, or representatives at Sunset Hills.

6.     Fundamental Clinical and Operational Services, L.L.C., (hereinafter "FCOS") is a Delaware corporation or other entity doing business as the management company for Defendant Sunset Hills.  At all relevant times, Defendant FCOS owned, operated, controlled, or managed Sunset Hills and employed or otherwise directed and supervised the employees, agents, or other representatives of Sunset Hills.  More specifically, Defendant FCOS provided patient care program development services, training, facility operations management services, business development and marketing services, budgets, and/or regulatory compliance services, among other things.  At all relevant times, this corporate entity was in business for the care and treatment of persons in need of nursing home care and skilled nursing, and acted by and through their employees, agents, or representatives at Sunset Hills.

## VENUE

7.     Venue is proper in the Missouri Twenty-First Judicial Circuit, St. Louis County pursuant to §508.010.4 R.S.Mo., because Defendants' negligent conduct first injured Louis Aleman at Sunset Hills Health & Rehabilitation Center, which is located in St. Louis County, Missouri.

## THE CORPORATE STRUCTURE

8.     Defendants Hunt Valley, FAS, and FCOS are liable for the conduct of the representatives, agents, and employees of Defendant Sunset Hills because Defendants Hunt Valley, FAS, and FCOS owned, operated, controlled, and/or otherwise managed the operations

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

there and negligently contributed to cause Louis Aleman's injuries and death.  They are also liable based upon the doctrine of piercing the corporate veil.

9.     Defendants Hunt Valley, FAS, and/or FCOS are ownership and/or management companies for approximately 120 long-term care nursing homes and nursing care facilities located in Missouri, California, Indiana, Maryland, Nevada, New Mexico, Pennsylvania, South Carolina, Texas, and Wisconsin.

10.     Defendants Hunt Valley, FAS, and/or FCOS, acting together, are liable based not only on their actual or constructive knowledge of, and participation in, the negligent acts or omissions alleged herein, but also based upon various actions involving Defendant Sunset Hills. More specifically, Defendants engaged in the following general conduct in relationship to Sunset Hills:

      a.    They engaged in the complete control and domination, not only of finances, but of policy and business and/or clinical practices with respect to the day-to-day operations of each nursing home such that the separate corporate entities of each nursing home, including Sunset Hills, had no separate mind, will or existence of their own;

      b.    Such control has been used by the Defendants to commit a fraud or wrong and perpetrate an ongoing history of violations of nursing home laws and practices in contravention of the rights of Louis Aleman, and others like him, who were residents of the Hunt Valley, FAS, and/or FCOS nursing homes;

      c.    This control and domination and breaches of duty were the proximate cause of the injury and death of Louis Aleman in this cause.

11.     To accomplish the complete control and domination and usage of the corporate structure, upon information and belief, Defendants Hunt Valley, FAS, and/or FCOS deliberately and carefully created several tiers of individual corporations, holding companies, trust funds and/or other legal entities designed to shield the individual nursing homes from legal/financial liability when patients are injured in the nursing homes. This maze of sham corporations also is designed to insulate

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

the Defendants' significant assets from creditors and claimants.

12.     Defendants Hunt Valley's, FAS', and/or FCOS' complete control and domination and usage of the corporate structure to perpetrate the fraud, wrongs, and/or misconduct more specifically described include the following upon information and belief:

a.      Gross undercapitalization of Sunset Hills;

b.      Failure to observe corporate formalities;

c.      Virtual insolvency of Sunset Hills because of funds being continually siphoned off and directed to and/or from Defendants Hunt Valley, FAS, and/or FCOS;

d.      Complete domination of the other officers and shareholders of Sunset Hills by dominant officers and/or shareholders, rendering Sunset Hills a mere facade for the operations of the dominant corporations, Hunt Valley, FAS, and/or FCOS, and the corporations' dominant officers and/or shareholders;

e.      Defendants Hunt Valley, FAS, and/or FCOS set the day-to-day operating policies for Sunset Hills and the other sub-corporations of these Defendants, as described more specifically herein;

f.      Defendants Hunt Valley, FAS, and/or FCOS direct the operations of Sunset Hills that are specifically related to the violation more specifically described herein, including, but not necessarily limited to: staffing levels, staff training, decisions to underfund and underbudget, admissions policies, and care plan policies;

g.      Defendants Hunt Valley, FAS, and/or FCOS specifically directed Sunset Hills to attempt to maximize profits by understaffing, and not providing the financial resources for care and treatment of patients such as Louis Aleman;

h.      Defendants Hunt Valley, FAS, and/or FCOS ignored problems of chronic understaffing at Sunset Hills and their other nursing homes while cutting the staffing budget;

i.      Defendants Hunt Valley, FAS, and/or FCOS controlled hiring, training and supervision of employees at Sunset Hills;

j.      Defendants Hunt Valley, FAS, and/or FCOS signed contracts for Sunset Hills;

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

k. Defendants Hunt Valley, FAS, and/or FCOS regulate the employees of Sunset Hills and the selective enforcement of policies and procedures.

13.    At the direction of the Defendants Hunt Valley, FAS, and/or FCOS, on information and belief, Sunset Hills is chronically undercapitalized as corporations and maintains either little or no liability insurance and/or liability insurance insufficient to meet the obligations and liabilities of the various corporations or other entities.  Defendants also deliberately and carefully created several tiers of holding companies, trust funds, and other legal entities designed to shield the individual nursing homes from legal/financial liability when patients were injured in the nursing homes.

**<u>DEFENDANTS OWED DUTIES TO LOUIS ALEMAN</u>**

14.     At all relevant times, Defendants had a duty to provide Louis Aleman with appropriate and reasonable levels of medical attention within the established professional standards of care.

15.    At all relevant times, Defendants owed Louis Aleman the duty to exercise that degree of care and learning ordinarily exercised under the same or similar circumstances by members of the community of duly licensed health care providers and nursing home owners, operators, administrators and agents.   In particular, Defendants owed Louis Aleman the responsibility to take steps necessary to make certain the staff would follow doctors' orders and to prevent patients such as Louis Aleman from developing Deep Vein Thrombosis (DVT) and Pulmonary Emboli (PE) and to skillfully treat other medical conditions.

16.    At all relevant times, Defendants had a responsibility to refrain from abusing or neglecting Louis Aleman.

17.    At all relevant times, Defendants had a responsibility to prevent Louis Aleman from being inflicted with physical and/or emotional injury or harm.

Electronically Filed - St. Louis County - December 01, 2017 - 02:48 PM

18.     Defendants also owed Louis Aleman a responsibility to treat him with consideration, respect, and dignity.

19.     Defendants and their agents had to follow state and other rules and regulations in the care and treatment of Louis Aleman.

20.     The Defendants and their agents had a non-delegable duty to provide skilled nursing care to Louis Aleman and to ensure that their employees exercised that degree of skill and learning ordinarily exercised by members of the employees' professions.

21.     Moreover, Defendants Sunset Hills, Hunt Valley, FAS, and FCOS as owners, operators, managers, and/or healthcare providers, and their agents had a non-delegable duty to provide management services to Louis Aleman and, in the management, supervision, funding, budgeting, and capitalization of Sunset Hills to place resident safety above profit and to provide sufficient resources to permit Sunset Hills and its employees to adhere to the following applicable standards of care:

    a.     Provide each resident with twenty-four-hour protective oversight, personal attention and nursing care in accord with his/her condition;

    b.     Provide nursing care consistent with acceptable nursing practice;

    c.     Provide sufficient personnel properly trained in their duties;

    d.     Provide a budget sufficient to provide adequate staffing, policies, training, and other resources to provide proper care;

    e.     Provide each resident an environment free from mental and physical abuse; and

    f.     Provide each resident with consideration, respect, and dignity.

**THE DEFENDANTS ABUSED AND NEGLECTED LOUIS ALEMAN.**

22.     On or about January 12, 2017, Louis Aleman became a resident of Sunset Hills Health & Rehabilitation Center located at 10954 Kennerly Road in St. Louis, Missouri.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

23.     During the course of his residency at Sunset Hills, Louis Aleman depended on Defendants for his daily needs, safety, protection, care, and treatment.  Mr. Aleman was particularly relying on Defendant Sunset Hills to administer medications as ordered by his physicians, to monitor his anticoagulation levels, and to watch for signs and symptoms of DVT and PE.

24.     Louis Aleman was conscious and could feel pain.

25.     During the course of his residency at Sunset Hills from January 12 to 20, 2017, Defendant Sunset Hills failed to administer the anticoagulation medication as prescribed by Mr. Aleman's physicians.  As a result, Louis Aleman developed Deep Vein Thrombosis (DVT) in his extremities and suffered multiple, separate, and/or independent medical incidents involving acts or omissions of negligence or other tortuous conduct as alleged more specifically in Counts I through III.

26.     During the course of Mr. Aleman's residency at Sunset Hills, Defendants' agents and/or employees knew or should have known about Louis Aleman's worsening DVT.  On or about January 19, 2017, for instance, Louis Aleman's status worsened or otherwise changed significantly.  Mr. Aleman was sent to the Emergency Department at St. Anthony's Hospital, but Defendants' employees or agents of Defendants failed to identify or document worsening DVT, and failed to notify Mr. Aleman's physicians in a timely fashion to take appropriate steps to respond to his DVT.  Such failure violated not only Defendant Sunset Hills' own policies but also appropriate standards of care.

27.     During the course of his residency at Sunset Hills, Defendants failed to administer medications properly, failed to properly assess Louis Aleman for DVT, failed to notify physicians of important changes in clinical condition, and/or failed to notify physicians of important

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

laboratory results, all of which, solely or in combination, caused Mr. Aleman's injuries and death.

28.     On or about January 20, 2017, Louis Aleman died as the result of the lack of thorough care and treatment, neglect, and abuse he received at Sunset Hills and from Defendants' agents, employees, or representatives.  Defendants' conduct as alleged in Counts I – III caused or contributed to cause Louis Aleman to suffer and die.

29.     Likewise, Defendants Sunset Hills, Hunt Valley, FAS, and FCOS in combination with the acts as alleged in Paragraph 32, contributed to cause Louis Aleman's suffering and death by:

 a. Knowingly and negligently failing to provide sufficient nursing and other staff to provide adequate care for Louis Aleman and other residents before and during January 2017;

 b. Knowingly and negligently failing to provide sufficient budget, money and other resources to provide proper care for Louis Aleman and other residents before and during January 2017;

 c. Setting and/or then approving budgets that delayed or rejected the implementation of adequate measures for the provision of appropriate nursing home care as well as the failure to sufficiently correct numerous State deficiencies which contributed to cause Louis Aleman's suffering and death;

 d. Knowingly and negligently failing to change policies, procedures, staffing, and personnel in response to hundreds of complaints, citations, penalties, and findings of deficient care by the State of Missouri before and during January 2017;

 e. Knowingly and negligently failing to hire and supervise the staff or agents of Sunset Hills before and during January 2017;

 f. Knowingly and negligently placing profits over people on and before and while Louis Aleman was a resident at Sunset Hills before and during January 2017; and/or

 g. Making decisions adversely impacting the level of care at Sunset Hills to benefit themselves financially at the expense of the residents, including Louis Aleman.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

30.     Had Defendants provided sufficient budgets, training, policies, staff, and other resources and adequately trained and supervised their agents at Sunset Hills, Louis Aleman would not have suffered and died.

### COUNT I - WRONGFUL DEATH
### (All Defendants)

31.     Plaintiff Patricia Aleman incorporates by reference Paragraphs 1 - 30 above of Plaintiffs' Petition.

32.     During the course of their care and treatment of Louis Aleman, Defendants and their agents breached their duties of due care, skill and practice ordinarily exercised by members of their profession under the same or similar circumstances in one or more of the following ways:

a.     By failing to properly assess and monitor Louis Aleman;

b.     By failing to prevent Louis Aleman from developing DVT (e.g., compression stockings, proper anticoagulation) and to timely notify appropriate physicians as to a change in his condition;

c.     By failing to follow Louis Aleman's physician's orders to administer medication properly (e.g. Fondaparinox and Coumadin) and to perform medical tests;

d.     By failing to adjust Louis Aleman's Coumadin dose on January 16, 2017;

e.     By failing to extend Louis Aleman's Fondaparinox until Mr. Aleman reached the Internal Normalized Ratio (INR) therapeutic level;

f.     By failing to notify Louis Aleman's physicians of important lab results (e.g., INR test results);

g.     By failing to fully and timely assess Louis Aleman's physical condition so as to timely prevent and/or identify DVT and PE;

h.     By failing to properly supervise and monitor Louis Aleman's care and condition so as to prevent DVT and PE, among other conditions;

i.     By failing to obtain a timely consultation from a qualified specialist when Louis Aleman's physical condition deteriorated;

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

j.      By failing to notify emergency personnel in a timely and proper fashion;

k.      By failing to provide Louis Aleman with an adequate number of trained staff members knowledgeable of his health condition and proper treatment for his condition;

l.      By failing to have adequate policies and procedures;

m.      By failing to hire, recruit, supervise, train, retain and provide sufficient and properly certified nursing staff and aides to monitor and care for the patients in the facility, including Louis Aleman;

n.      By failing to budget sufficient money to recruit and compensate competent staff and to provide sufficient support and other services and supplies for the residents, including Louis Aleman;

o.      By failing to screen the credentials of the nurses, aides, and other medical personnel caring for Louis Aleman;

p.      By failing to keep Louis Aleman free from abuse and neglect;

q.      By failing to treat Louis Aleman in a dignified manner;

r.      By failing to maintain proper care and services for Louis Aleman;

s.      By failing to effectively administer the facility and failing to follow professional practice standards; and/or

t.      By violating applicable statutes and regulations as identified below in Count III and incorporated herein.

33.     The Defendants and their agents breached their duties to Louis Aleman by placing profits ahead of patient safety, by negligently, recklessly, and/or intentionally failing to provide an adequate budget for nursing and other care and/or proper nursing home management, failing to prevent and/or stop physical and emotional abuse, and by their repeated violations of the state laws and regulations governing nursing home care as more fully set forth in the individual counts in this Petition.

34.     As the surviving mother of Louis Aleman, Plaintiff Patricia Aleman is a member of the class of individuals authorized to pursue the wrongful death claim involving Louis Aleman

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

pursuant to §537.080 R.S.Mo.

35.     As a direct and proximate result of the Defendants' negligence, Louis Aleman suffered severe pain, anxiety, mental distress, DVT, PE, and ultimately death.  Additionally, Louis Aleman needed treatment for his condition, and expenses for his medical care were incurred.

36.     As a further, direct and proximate cause of the negligence of the Defendants, Plaintiff and any other class member has sustained losses because of Louis Aleman's death in the nature of loss of Mr. Aleman's companionship, comfort, support, as well as his funeral expenses, as well as all other damages permissible under §573.090 R.S.Mo.

37.     Louis Aleman and Plaintiff share no blame or comparative fault in this matter, and they certainly did not cause or contribute to cause his injuries and death.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs ask for judgment against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), for exemplary or punitive damages, costs, and for such other relief as this Court deems just and proper.

**COUNT II: NURSING HOME ABUSE/NEGLECT**
**(Defendant Sunset Hills)**

COMES NOW, Plaintiff Patricia Aleman, and brings her claim against Defendant Sunset Hills for violating Missouri's Omnibus Nursing Home Act, Section 198.003 in the following ways:

38.     Plaintiff Patricia Aleman incorporates by reference Paragraphs 1 - 37 above of Plaintiff's Petition.

39.     Plaintiff Patricia Aleman sent a written complaint on or about June 27, 2017, within 180 days of the deprivation and injury to Mr. Aleman, with Missouri's Office of the Attorney General describing the facts surrounding the deprivation.

40.     The Attorney General did not initiate legal action within 60 days of receipt of the

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

complaint, and this action is being filed within 240 days of the filing of the complaint with the Attorney General.

41.     Defendant Sunset Hills was at all pertinent times a proprietary nursing home operating under Missouri's Omnibus Nursing Home Act as a skilled nursing facility.

42.     Defendant owed Mr. Aleman a duty to keep him free from mental and/or physical abuse while he was a resident or patient at Sunset Hills.

43.     Defendant also owed Mr. Aleman a duty to treat him with consideration, respect, and full recognition of his dignity and individuality.

44.     Defendants deprived Mr. Aleman of his rights, abused him, and violated their duties as alleged in Count I and III.

45.     As a direct and proximate result of the negligence of Defendant Sunset Hills, Mr. Aleman suffered the following serious and permanent injuries:

        a.     Serious, permanent and debilitating bodily injuries;

        b.     Severe and excruciating pain and mental anguish; and

        c.     Death.

46.     The deprivation Mr. Aleman suffered was the result of intentional acts or omissions which caused physical and/or emotional injury to Mr. Aleman.

47.     Such conduct justifies exemplary or punitive damages.

### **RELIEF REQUESTED**

WHEREFORE, plaintiffs ask for judgment against defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), for exemplary damages, attorney fees, costs, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

## COUNT III - NEGLIGENCE PER SE
### (Defendants Sunset Hills, FAS, and FCOS)

48.     Plaintiff Patricia Aleman incorporates by reference Paragraphs 1 – 47 above of Plaintiff's Petition.

49.     As the owners, operators and/or managers of skilled nursing care facilities licensed by the State of Missouri and accepting Medicare and Medicaid funds, Defendants Sunset Hills, FAS, and FCOS were subject to regulations promulgated by the Missouri Division of Social Services and other laws.  Defendants Sunset Hills, FAS, and FCOS are operators or otherwise licensees under Missouri statutes.

50.     While providing care and treatment to Louis Aleman, these Defendants and their agents breached their duty to Louis Aleman and was guilty of acts of negligence in violating regulations governing skilled nursing facilities, including, but not limited to one or more of the following:

a.      19 C.S.R. 30-85.042(3).  The operator shall be responsible to assure compliance with all applicable laws and rules.  The administrator's responsibilities shall include the oversight of residents to assure that they receive appropriate nursing and medical care;

b.      19 C.S.R. 30-85.042(6).  The facility shall not knowingly admit or continue to care for residents whose needs cannot be met by the facility directly or in cooperation with outside resources.  Facilities which retain residents needing skilled nursing care shall provide licensed nurses for these procedures;

c.      19 C.S.R. 30-85.042(13).   The facility shall develop policies and procedures applicable to its operation to insure the residents' health and safety and to meet the residents' needs;

d.      19 C.S.R. 30-85.042(15).   All personnel shall be fully informed of the policies of the facility and their duties;

e.      19 C.S.R. 30-85.042(16).  All persons who have contact with residents shall not knowingly act or omit any duty in a manner which would materially and adversely affect the health, safety, welfare, or property of a resident;

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

f.      19 C.S.R. 30-85.42(20).  The facility shall develop and offer an in-service orientation and continuing educational program for the development and improvement of skills of all the facility's personnel, appropriate for their job function;

g.      19 C.S.R. 30-85.42(22).  The facility must ensure there is a system of in-service training for nursing personnel which identifies training needs related to problems, needs, care of residents and infection control and is sufficient to ensure staff's continuing competency;

h.      19 C.S.R. 30-85.042(37).  All facilities shall employ nursing personnel in sufficient numbers and with sufficient qualifications to provide nursing and related services which enable each resident to attain or maintain the highest practicable level of physical, mental and psychosocial well-being.  Each facility shall have a licensed nurse in charge who is responsible for evaluating the needs of the residents on a daily and continuous basis to ensure there are sufficient, trained staff present to meet those needs;

i.      19 C.S.R. 30-85.042(44).  Facilities shall ensure that the resident's private physician, the physician's designee, the facility's supervising physician or an alternative physician shall examine the resident at least annually, and shall examine the resident as often as necessary to ensure proper medical care;

j.      19 C.S.R. 30-85.042(47).  There shall be a safe and effective system of medication distribution, administration, control and use;

k.      19 C.S.R. 30-85.042(52).  All medication errors and adverse reactions shall be reported immediately to the nursing supervisor and the resident's physician;

l.      19 C.S.R. 30-85.042(53).  At least monthly a pharmacist or a registered nurse shall review the drug regimen of each resident.  Irregularities shall be reported in writing to the resident's physician, the administrator and the director of nurses;

m.      19 C.S.R. 30-85.42(66).  Each resident shall receive twenty-four (24)-hour protective oversight and supervision;

n.      19 C.S.R. 30-85.042(67).  Each resident shall receive personal attention and nursing care in accordance with his/her condition and consistent with current acceptable nursing practice;

o.      19 C.S.R. 30-85.042(79).  In the event of accident, injury or significant change in the resident's condition, facility staff shall notify the resident's

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

physician in accordance with the facility's emergency treatment policies which have been approved by the supervising physician;

p.     19 C.S.R. 30-85.042(80).   In the event of accident, injury or significant change in the resident's condition, facility staff shall immediately notify the person designated in the resident's record as the designee or responsible party;

q.     19 C.S.R. 30-85.042(81).  Staff shall inform the administrator of accidents, injuries or unusual occurrences which adversely affect, or could adversely affect, the resident.  The facility shall develop and implement responsive plans of action;

r.     19 C.S.R. 30-85.042(83).  Facilities shall provide equipment and nursing supplies in sufficient number to meet the needs of the residents;

s.     19 C.S.R. 30-85.042(103).  The facility must maintain clinical records on each resident in accordance with accepted professional standards and practices;

t.     19 C.S.R. 30-88.010(21).  Each resident shall be free from mental and physical abuse; and/or

u.     19 C.S.R. 30-88.010(25).  Each resident shall be treated with consideration, respect and full recognition of his/her dignity and individuality, including privacy in treatment and care of his/her personal needs.

51.     Louis Aleman was a member of the class of persons intended to be protected by the enactment of these regulations.

52.     Because Sunset Hills is a licensed nursing home, Defendants and their owners, operators, manager, employees and agents were at all times material to this lawsuit and required by statute to comply with the rules and regulations set forth above in this Count.

53.     As a result of said violations, which are negligent per se, Louis Aleman was injured, suffered, and died as alleged in Count I.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs ask for judgment against Defendants in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), for exemplary damages,

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

costs, and for such other relief as this Court deems just and proper.

## PUNITIVE/EXEMPLARY DAMAGES
### (All Defendants)

54.     Plaintiff Patricia Aleman incorporates by reference Paragraphs 1 – 53 above of Plaintiff's Petition.

55.     Defendants' acts and omissions were wanton, willful, in conscious disregard to the health and well-being of Louis Aleman, and/or in reckless disregard to his safety.

56.     More specifically, Defendants recklessly or in conscious disregard committed one or more of the following acts justifying the imposition of punitive damages:

       a.     Placing profits over the safety of residents;

       b.     Violating multiple State regulations as outlined in Count III;

       c.     Knowingly and recklessly refusing to make sufficient changes in funding, capitalization, and staffing levels, training, policies, nursing care, and administration despite a history of violations of state laws, citations, and deficiencies by the State of Missouri.

       d.     Not notifying Louis Aleman's physician in a timely fashion;

       e.     Not notifying emergency personnel in a timely fashion; and

       f.     Treating other patients under similar circumstances in the same neglectful and abusive way, and knowing that such was likely or certain to occur to a patient such as Louis Aleman.

57.     Defendants' intentional or reckless acts or omissions caused or contributed to cause Louis Aleman to suffer physical and emotional injury and ultimately death.  Defendants knew or had reason to know that there was a high degree of probability that their actions would result in injury and death to Sunset Hills nursing home residents, including Louis Aleman.

58.     The negligence of the Defendants was willful, wanton, and outrageous, constituted

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

gross negligence, and demonstrated conscious and reckless disregard for the rights of Louis Aleman, thereby justifying the consideration of aggravating circumstances and the imposition of exemplary or punitive damages.

59.     The Defendants and their agents acted with reckless or conscious disregard of the health and safety of Louis Aleman and their conduct showed complete indifference to or conscious disregard for the safety of Louis Aleman and others, as more fully set out in the individual counts in this Petition.

60.     Defendant's conduct was so outrageous that the State investigators cited Defendants for violating State laws for neglecting and/or abusing patients similar to Louis Aleman.

61.     Defendants engaged in a pattern of negligent and reckless conduct similar to what they did with Louis Aleman.  In response to complaints, the Missouri Department of Social Services, Department of Health and Senior Services investigated the care Defendant Sunset Hills provided its residents in early 2017.  The DHSS determined that the care provided to patients was deficient, and cited the facility for violations of law related to failure to ensure all physician orders were followed regarding medications, laboratory tests, and application of elastic support stockings, among other things.

62.     Such conduct justifies punitive or exemplary damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs ask for judgment against Defendants, for exemplary and punitive damages, costs, and for such other relief as this Court deems just and proper.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

**FELLOWS & BLAKE, L.L.C.**

/s/ Brad L. Blake
Brad L. Blake,  #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, MO  63131
(314) 725-1600
(314) 725-1609 - facsimile
Attorneys for Plaintiffs

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| **PATRICIA ALEMAN,** | ) | **CAUSE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **DIVISION:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | |
| **REHABILITATION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF MERIT
### Defendant THI of Missouri d/b/a Sunset Hills Health & Rehabilitation Center

BRAD L. BLAKE, of lawful age, being first duly sworn upon his oath, deposes and states as follows:

1.      I am presently licensed to practice law in the State of Missouri as a member in good standing with the Missouri Bar and practicing law as a principal of Fellows & Blake, L.L.C., 13421 Manchester Road, Suite 105, St. Louis, Missouri 63131.

2.      I have been retained as an attorney by Plaintiff for the purpose of pursuing a legal claim against THI of Missouri at Gravois, L.L.C., d/b/a Sunset Hills Health & Rehabilitation Center ("Sunset Hills") and any other negligent healthcare providers.

3.      I have obtained the written opinion of John Kirby, M.D., a licensed physician, who has reviewed the relevant records in this matter and who is qualified by experience in treating patients such as Louis Aleman.

4.      Dr. Kirby is board certified in Internal Medicine.

1

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

5.      Dr. Kirby, 1210 Brace Road, Suite 102, Cherry Hill, New Jersey, currently provides care to patients who have health conditions such as Mr. Aleman had at Sunset Hills.  Dr. Kirby also regularly works in collaboration with other health care providers (doctors, nurse practitioners, and nurses, among others) in the management of patients who are at risk for experiencing Deep Vein Thrombosis and Pulmonary Embolism, among other conditions.

6.      Dr. Kirby has stated in writing that there is a reasonable and meritorious cause for the filing of this action against Defendant Sunset Hills and others based on the conduct of health care providers, agents, and employees of Defendant Sunset Hills for their failures to use such care with Louis Aleman as reasonably prudent and careful health care providers would have used under similar circumstances, and that such failures to use reasonable care directly caused or contributed to cause Louis Aleman's injuries and/or death.

FURTHER AFFIANT SAITH NOT.

FELLOWS & BLAKE, L.L.C.

Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

STATE OF MISSOURI        )
                         )  SS:
COUNTY OF _St·Louis_     )


Subscribed and sworn to before me, a Notary Public, this 28th day of _November_, 2017.

_Sarah L. Ungerer_
Notary Public

My commission expires:
_02/18/18_

SARAH L. UNGERER
Notary Public - Notary Seal
State of Missouri
Commissioned for Jefferson County
My Commission Expires: February 18, 2018
Commission Number 14827544

**17SL-CC04444**

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| PATRICIA ALEMAN, | ) | CAUSE NO.: |
| | ) | |
| Plaintiff, | ) | DIVISION: |
| | ) | |
| v. | ) | |
| | ) | |
| THI of MISSOURI at GRAVOIS, L.L.C., | ) | |
| d/b/a SUNSET HILLS HEALTH & | ) | |
| REHABILITATION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MERIT
### Defendant Hunt Valley Holdings, L.L.C.

BRAD L. BLAKE, of lawful age, being first duly sworn upon his oath, deposes and states as follows:

1.     I am presently licensed to practice law in the State of Missouri as a member in good standing with the Missouri Bar and practicing law as a principal of Fellows & Blake, L.L.C., 13421 Manchester Road, Suite 105, St. Louis, Missouri 63131.

2.     I have been retained as an attorney by Plaintiff for the purpose of pursuing a legal claim against Hunt Valley Holdings, L.L.C. ("Hunt Valley") and any other negligent healthcare providers.

3.     I have obtained the written opinion of John Kirby, M.D., a licensed physician, who has reviewed the relevant records in this matter and who is qualified by experience in treating patients such as Louis Aleman.

4.     Dr. Kirby is board certified in Internal Medicine.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

5.      Dr. Kirby, 1210 Brace Road, Suite 102, Cherry Hill, New Jersey, currently provides care to patients who have health conditions such as Mr. Aleman had.  Dr. Kirby also regularly works in collaboration with other health care providers (doctors, nurse practitioners, and nurses, among others) in the management of patients who are at risk for experiencing Deep Vein Thrombosis and Pulmonary Embolism, among other conditions.

6.      Dr. Kirby has stated in writing that there is a reasonable and meritorious cause for the filing of this action against Defendant Hunt Valley and others based on the management of health care providers, agents, and employees of Sunset Hills for their failures to use such care with Louis Aleman as reasonably prudent and careful health care providers would have used under similar circumstances, and that such failures to use reasonable care directly caused or contributed to cause Louis Aleman's injuries and/or death.

FURTHER AFFIANT SAITH NOT.


FELLOWS & BLAKE, L.L.C.

Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

2

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

STATE OF MISSOURI        )
                         )  SS:
COUNTY OF St.Louis       )


Subscribed and sworn to before me, a Notary Public, this 28th day of November, 2017.

_Sarah L. Ungerer_
Notary Public

My commission expires:
02/18/18

```
SARAH L. UNGERER
Notary Public - Notary Seal
State of Missouri
Commissioned for Jefferson County
My Commission Expires: February 18, 2018
Commission Number: 14937544
```

3

17SL-CC04444

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| **PATRICIA ALEMAN,** | ) | **CAUSE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **DIVISION:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | |
| **REHABILITATION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF MERIT
### Defendant Fundamental Administrative Services, L.L.C.

BRAD L. BLAKE, of lawful age, being first duly sworn upon his oath, deposes and states as follows:

1. I am presently licensed to practice law in the State of Missouri as a member in good standing with the Missouri Bar and practicing law as a principal of Fellows & Blake, L.L.C., 13421 Manchester Road, Suite 105, St. Louis, Missouri 63131.

2. I have been retained as an attorney by Plaintiff for the purpose of pursuing a legal claim against Fundamental Administrative Services, L.L.C. ("FAS") and any other negligent healthcare providers.

3. I have obtained the written opinion of John Kirby, M.D., a licensed physician, who has reviewed the relevant records in this matter and who is qualified by experience in treating patients such as Louis Aleman.

4. Dr. Kirby is board certified in Internal Medicine.

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

5.      Dr. Kirby, 1210 Brace Road, Suite 102, Cherry Hill, New Jersey, currently provides care to patients who have health conditions such as Mr. Aleman had.  Dr. Kirby also regularly works in collaboration with other health care providers (doctors, nurse practitioners, and nurses, among others) in the management of patients who are at risk for experiencing Deep Vein Thrombosis and Pulmonary Embolism, among other conditions.

6.      Dr. Kirby has stated in writing that there is a reasonable and meritorious cause for the filing of this action against Defendant FAS and others based on the management of health care providers, agents, and employees of Sunset Hills for their failures to use such care with Louis Aleman as reasonably prudent and careful health care providers would have used under similar circumstances, and that such failures to use reasonable care directly caused or contributed to cause Louis Aleman's injuries and/or death.

FURTHER AFFIANT SAITH NOT.


**FELLOWS & BLAKE, L.L.C.**

_____
Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

STATE OF MISSOURI    )
                          ) SS:
COUNTY OF St. Louis  )

Subscribed and sworn to before me, a Notary Public, this 28th day of November, 2017.

_Sarah L. Ungerer_
Notary Public

My commission expires:
02/18/18

> SARAH L. UNGERER
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Jefferson County
> My Commission Expires: February 18, 2018
> Commission Number: 14937544

3

**17SL-CC04444**

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| **PATRICIA ALEMAN,** | ) | **CAUSE NO.:** |
| | ) | |
| **Plaintiff,** | ) | **DIVISION:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | |
| **REHABILITATION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF MERIT
### Defendant Fundamental Clinical and Operational Services, L.L.C.

BRAD L. BLAKE, of lawful age, being first duly sworn upon his oath, deposes and states as follows:

1.      I am presently licensed to practice law in the State of Missouri as a member in good standing with the Missouri Bar and practicing law as a principal of Fellows & Blake, L.L.C., 13421 Manchester Road, Suite 105, St. Louis, Missouri 63131.

2.      I have been retained as an attorney by Plaintiff for the purpose of pursuing a legal claim against Fundamental Clinical and Operational Services, L.L.C. ("FCOS") and any other negligent healthcare providers.

3.      I have obtained the written opinion of John Kirby, M.D., a licensed physician, who has reviewed the relevant records in this matter and who is qualified by experience in treating patients such as Louis Aleman.

4.      Dr. Kirby is board certified in Internal Medicine.

1

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

5.     Dr. Kirby, 1210 Brace Road, Suite 102, Cherry Hill, New Jersey, currently provides care to patients who have health conditions such as Mr. Aleman had.  Dr. Kirby also regularly works in collaboration with other health care providers (doctors, nurse practitioners, and nurses, among others) in the management of patients who are at risk for experiencing Deep Vein Thrombosis and Pulmonary Embolism, among other conditions.

6.     Dr. Kirby has stated in writing that there is a reasonable and meritorious cause for the filing of this action against Defendant FCOS and others based on the management of health care providers, agents, and employees of Sunset Hills for their failures to use such care with Louis Aleman as reasonably prudent and careful health care providers would have used under similar circumstances, and that such failures to use reasonable care directly caused or contributed to cause Louis Aleman's injuries and/or death.

FURTHER AFFIANT SAITH NOT.


**FELLOWS & BLAKE, L.L.C.**

_____
Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

Electronically Filed - St Louis County - December 01, 2017 - 02:48 PM

STATE OF MISSOURI       )
                        )  SS:
COUNTY OF St. Louis     )


Subscribed and sworn to before me, a Notary Public, this 28th day of November, 2017.

                        _Sarah L. Ungerer_
                        Notary Public

My commission expires:
  02/18/18

SARAH L. UNGERER
Notary Public - Notary Seal
State of Missouri
Commissioned for Jefferson County
My Commission Expires: February 18, 2018
Commission Number 14937544

3

**17SL-CC04444**

Electronically Filed - St Louis County - December 06, 2017 - 11:59 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_December 6, 2017_
Date

 Patricia Aleman
Plaintiff/Petitioner

Case Number

vs.

 Sunset Hills Health & Rehab Center, et al.
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 John Frederick/Frederick Investigations      P.O. Box 270471, St. Louis, MO  63127     (314)966-5585
Name of Process Server                        Address                                    Telephone

Name of Process Server                        Address or in the Alternative              Telephone

Name of Process Server                        Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                        SERVE:
 ALL NAMED DEFENDANTS
Name                                          Name
 (SEE PETITION FOR DAMAGES)
Address                                       Address

City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:

Name                                          Name

Address                                       Address

City/State/Zip                                City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

 /s/ Brad L. Blake
Signature of Attorney/Plaintiff/Petitioner
 Missouri Bar #38340
Bar No.
 13421 Manchester Rd, Ste 105, St. Louis, MO 63131
Address
 (314) 725-1600          (314) 726-1609
Phone No.                      Fax No.

By
Deputy Clerk

Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - December 06, 2017 - 11:59 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 12, 2017 - 03:55 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| **PATRICIA ALEMAN,** | ) | **CAUSE NO.: 17SL-CC04444** |
| | ) | |
| **Plaintiff,** | ) | **DIVISION:   2** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | |
| **REHABILITATION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF MAILING

The undersigned certifies that Plaintiff's First Request for Production of Documents and First Interrogatories Directed to Defendant THI of Missouri at Gravois, L.L.C., d/b/a Sunset Hills Health & Rehabilitation Center were sent this 12th day of December, 2017, by e-mail in Adobe and Microsoft Word formats, to Mariel Taylor, mariel@kgslawfirm.com, Kamykowski, Gavin & Smith, P.C., 287 N. Lindbergh Blvd., St. Louis, MO  63141.

**FELLOWS & BLAKE, L.L.C.**


/s/ Brad L. Blake
Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

1

Electronically Filed - St Louis County - December 14, 2017 - 03:56 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_Patricia Aleman_
Plaintiff/Petitioner

vs.

_Sunset Hills Health & Rehab Center, et al._
Defendant/Respondent

_December 14, 2017_
Date

_17SL-CC04444_
Case Number

_2_
Division

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now _PLAINTIFF_____, pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_John Frederick/Frederick Investigations_     _P.O. Box 270471 St. Louis, MO 63127_     _(314) 966-5585_
Name of Process Server                        Address                                   Telephone

_Rufus Harmon/Harmon Legal Process Service 1927 Timber Road, Jefferson City, MO 65101 (573) 635-6690_
Name of Process Server                        Address or in the Alternative             Telephone

Name of Process Server                        Address or in the Alternative             Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                        SERVE:

_ALL NAMED DEFENDANTS_____
Name                                          Name

_(SEE PETITION FOR DAMAGES)_____
Address                                       Address

_____
City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:

_____
Name                                          Name

_____
Address                                       Address

_____
City/State/Zip                                City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

_/S/ Brad L. Blake_____
Signature of Attorney/Plaintiff/Petitioner

_Missouri Bar #38340_____
Bar No.

By _____
Deputy Clerk

_13421 Manchester Rd., Ste. 105, St. Louis, MO 63131_
Address

_____
Date

_(314) 725-1600_          _(314) 725-1609_
Phone No.                      Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - December 14, 2017 - 03:56 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 14, 2017 - 03:56 PM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | | |
|---|---|---|---|
| **PATRICIA ALEMAN,** | ) | **Cause No:** | **17SL-CC04444** |
| | ) | | |
| **Plaintiff,** | ) | **Division:** | **2** |
| | ) | | |
| **v.** | ) | | |
| | ) | | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | | |
| **REHABILITATION CENTER, et al.,** | ) | | |
| | ) | | |
| **Defendants.** | ) | | |

## MEMORANDUM TO COURT

COMES NOW Plaintiff, by and through her attorneys, Fellows & Blake, L.L.C., and requests this Court to issue Summons to be served upon each Defendant by Special Process Servers John Frederick of Frederick Investigations and/or Rufus Harmon of Harmon Legal Process Service.

Defendant THI of Missouri at Gravois, L.L.C., d/b/a Sunset Hills Health & Rehabilitation Center shall be served at CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

Defendant Hunt Valley Holdings, L.L.C., shall be served upon Registered Agent Timothy Cheeser, at 201 International Circle, Suite 400, Hunt Valley, Maryland 21030. Defendant Hunt Valley Holdings, L.L.C., shall be served by mail.

Defendant Fundamental Administrative Services, L.L.C., shall be served upon Registered Agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Defendant Fundamental Administrative Services, L.L.C., shall be served by mail.

Defendant Fundamental Clinical and Operational Services, L.L.C., shall be served upon

1

Electronically Filed - St Louis County - December 14, 2017 - 03:56 PM

Registered Agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware

19808.  Defendant Fundamental Clinical and Operational Services, L.L.C., shall be served by mail.

**FELLOWS & BLAKE, L.L.C.**

/s/ Brad L. Blake
Brad L. Blake, #38340
*bblake@fellowsblakelaw.com*

13421 Manchester Road, Suite 105
St. Louis, Missouri 63131
(314) 725-1609 (Phone)
(314) 725-1609 (Facsimile)
Attorneys for Plaintiff

Electronically Filed - St Louis County - December 27, 2017 - 01:10 PM

**In the**

# CIRCUIT COURT

## Of St. Louis County, Missouri

For File Stamp Only

Patricia Aleman
Plaintiff/Petitioner

vs.

Sunset Hills Health & Rehab Center, et al.
Defendant/Respondent

December 27, 2017
Date

17SL-CC04444
Case Number

2
Division

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now  PLAINTIFF , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

John Frederick/Frederick Investigations     P.O. Box 270471 St. Louis, MO 63127     (314) 966-5585
Name of Process Server                Address                        Telephone

 Rufus Harmon/Harmon Legal Process Service 1927 Timber Road, Jefferson City, MO 65101 (573) 635-6690
Name of Process Server                Address or in the Alternative            Telephone

Name of Process Server                Address or in the Alternative            Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Defendant THI of Missouri at Gravois, LLC
Name
 CSC Lawyers Inc. Service Co., 221 Bolivar St.
Address
 Jefferson City, MO  65101
City/State/Zip

SERVE:
 Defendant Hunt Valley Holdings, LLC
Name
 Timothy Cheeser, 201 International Circle, Suite 400
Address
 Hunt Valley, MD  21030
City/State/Zip

SERVE:
 Defendant Fundamental Administrative Services, LLC
Name
 Corp. Service Co., 251 Little Falls Drive
Address
 Wilmington, DE  19808
City/State/Zip

SERVE:
 Defendant Fundamental Clinical and Operational Services, LLC
Name
 Corp. Service Co., 251 Little Falls Drive
Address
 Wilmington, DE  19808
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
       Deputy Clerk

_____
Date

 /S/ Brad L. Blake
Signature of Attorney/Plaintiff/Petitioner
 Missouri Bar #38340
Bar No.
 13421 Manchester Rd., Ste. 105, St. Louis, MO 63131
Address
 (314) 725-1600          (314) 725-1609
Phone No.                        Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - December 27, 2017 - 01:10 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  17SL-CC04444 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA ALEMAN | Plaintiff's/Petitioner's Attorney/Address<br>BRAD L. BLAKE<br>SUITE 105<br>13421 MANCHESTER ROAD<br>ST LOUIS, MO  63131 |
| vs. | |
| Defendant/Respondent:<br> THI OF MISSOURI AT GRAVOIS, L.L.C.<br>DBA:  SUNSET HILLS HEALTH &<br>REHABILITATION CENTER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

|  |  |
|---|---|
| The State of Missouri to:  | THI OF MISSOURI AT GRAVOIS, L.L.C.<br>Alias:<br>DBA:  SUNSET HILLS HEALTH & REHABILITATION CENTER |

**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

***COURT SEAL OF***

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>04-JAN-2018</u>
Date

_____
Clerk

***ST. LOUIS COUNTY***

Further Information:
JJ

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  17SL-CC04444 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA ALEMAN | Plaintiff's/Petitioner's Attorney/Address:<br>BRAD L. BLAKE<br>SUITE 105<br>13421 MANCHESTER ROAD<br>ST LOUIS, MO  63131 |
| **vs.** | |
| Defendant/Respondent:<br> THI OF MISSOURI AT GRAVOIS, L.L.C.<br>DBA:  SUNSET HILLS HEALTH &<br>REHABILITATION CENTER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   HUNT VALLEY HOLDINGS, L.L.C.
                      **Alias:**

**201 INTERNATIONAL CIRCLE**
**SUITE 400**
**HUNT VALLEY, MD  21030**

*COURT SEAL OF*

> You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

04-JAN-2018
  Date                                                                                              Clerk
Further Information:
JJ

*ST. LOUIS COUNTY*

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
        Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

_____
                                       Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  17SL-CC04444 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA ALEMAN | Plaintiff's/Petitioner's Attorney/Address:<br>BRAD L. BLAKE<br>SUITE 105<br>13421 MANCHESTER ROAD<br>ST LOUIS, MO  63131 |
| **vs.** | |
| Defendant/Respondent:<br> THI OF MISSOURI AT GRAVOIS, L.L.C.<br>DBA:  SUNSET HILLS HEALTH &<br>REHABILITATION CENTER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  FUNDAMENTAL ADMINISTRATIVE SERVICES, L.L.C.
Alias:

251 LITTLE FALLS DRIVE
WILMINGTON, DE  19808

*COURT SEAL OF*

     You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

04-JAN-2018                         _____
  Date                                     Clerk
Further Information:

*ST. LOUIS COUNTY*     JJ

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
        _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
        _____ (name) _____ (title).
    ☐  other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____         _____
    Printed Name of Sheriff or Server              Signature of Sheriff or Server

              **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
              I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
*(Seal)*                        ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                               (use for out-of-state officer)
                       ☐ authorized to administer oaths.  (use for court-appointed server)
                             _____
                                      Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

         **See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number:  17SL-CC04444 |
|---|---|
| Plaintiff/Petitioner:<br>PATRICIA ALEMAN | Plaintiff's/Petitioner's Attorney/Address:<br>BRAD L. BLAKE<br>SUITE 105<br>13421 MANCHESTER ROAD<br>ST LOUIS, MO  63131 |
| Defendant/Respondent:<br> THI OF MISSOURI AT GRAVOIS, L.L.C.<br>DBA:  SUNSET HILLS HEALTH &<br>REHABILITATION CENTER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

*(vs. appears between Plaintiff and Defendant sections)*

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES, L.L.C.
                         Alias:

251 LITTLE FALLS DRIVE
WILMINGTON, DE  19808

**COURT SEAL OF**

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

04-JAN-2018
     Date                                                                                          Clerk
Further Information:
JJ

---

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐   delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐   other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
     Printed Name of Sheriff or Server                               Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐  the clerk of the court of which affiant is an officer.
                  ☐  the judge of the court of which affiant is an officer.
                  ☐  authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                  ☐  authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                                                    Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____   (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - St Louis County - January 19, 2018 - 10:19 AM

MISSOURI CIRCUIT COURT
TWENTY-FIRST JUDICIAL CIRCUIT
ST. LOUIS COUNTY

| | | |
|---|---|---|
| **PATRICIA ALEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CAUSE NO.: 17SL-CC04444** |
| | ) | |
| **v.** | ) | **DIVISION:   2** |
| | ) | |
| **THI of MISSOURI at GRAVOIS, L.L.C.,** | ) | |
| **d/b/a SUNSET HILLS HEALTH &** | ) | |
| **REHABILITATION CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**MEMORANDUM TO COURT**</u>

COMES NOW Plaintiff, by and through counsel, and files the return of service on Defendant

THI of Missouri at Gravois, L.L.C., d/b/a Sunset Hills Health & Rehabilitation Center.  Defendant

was served on January 8, 2018.  **Service Affidavit, Attachment A.**

**FELLOWS & BLAKE, L.L.C.**

/s/ Brad L. Blake
Brad L. Blake, #38340
13421 Manchester Road, Suite 105
St. Louis, MO  63131
(314) 686-4020; (fax) 686-4021
Attorney for Plaintiffs

Electronically Filed - St. Louis County - January 19, 2018 - 10:19 AM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>MAURA B MCSHANE | Case Number:  17SL-CC04444 |
| Plaintiff/Petitioner:<br>PATRICIA ALEMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRAD L. BLAKE<br>SUITE 105<br>13421 MANCHESTER ROAD<br>ST LOUIS, MO  63131 |
| Defendant/Respondent:<br> THI OF MISSOURI AT GRAVOIS, L.L.C.<br>DBA:  SUNSET HILLS HEALTH &<br>REHABILITATION CENTER | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to:  THI OF MISSOURI AT GRAVOIS, L.L.C.<br>Alias:<br>DBA:  SUNSET HILLS HEALTH & REHABILITATION CENTER | |

**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

**COURT SEAL OF**

**ST. LOUIS COUNTY**

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

04-JAN-2018
Date                                                                        Clerk

Further Information:
JJ

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Lauren Shipley_ (name) _Authorized Agent_ (title).

☐ other _____

Served at _221 Bolivar St. Jefferson City Mo_ (address)

in _Cole_ (County/City of St. Louis), MO, on _1-8-18_ (date) at _11:10 A.m._ (time).

_Rufus R. Harmon_                                    _Rufus R. Harmon_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _01-11-2018_ (date).

My commission expires:  _03-03-2021_                    _Donna R. Meyr_
                          Date                            Notary Public

DONNA R. MEYR<br>Notary Public - Notary Seal<br>STATE OF MISSOURI<br>Commissioned for Cole County<br>Commission No. 13435325<br>My Commission Expires 3/3/2021

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**ATTACHMENT A**